UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-cr-00122-JMS-MJD |
| | ) | |
| | ) | |
| DAVID JULIEN, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by counsel, respectfully submits the following for the Court's consideration in the sentencing of the Defendant, David Julien. On January 2nd, 2022, David Julien accidentally started a fire at his residence. When law enforcement responded to the fire, they discovered an enormous collection of child sexual abuse material (CSAM). In fact, Julien had the largest collection many law enforcement officers have ever seen in their careers.

On September 8, 2022, a grand jury indicted Julien on one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(A)(a)(5)(B). Julien has previously been convicted of child molesting, so the mandatory minimum sentence for these crimes is 15 years. A 15-year sentence is a sufficient but not greater than necessary punishment because it is sufficient to address the seriousness of this offense (18 U.S.C. § 3553(a)(2)(A)) and it adequately reflects the history and characteristics of the defendant (18 U.S.C. § 3553(a)(2)(B)).

**A. This was a serious offense because of the sheer size of Julien's collection.**

On January 2nd, 2022, a little before midnight, David Julien was making French fries in his kitchen. After he made the fries, he left the kitchen to eat them, forgetting that he left the stove on with the hot grease. This started a fire in his kitchen. After the fire was extinguished, Deputy Fire Chief Garner began an investigation into the fire. While inside, he found notebooks on a dresser that he believed contained pictures of child pornography. This eventually led Chief Garner to call in the police, who found not only binders containing child pornography, but evidence that Julien was collecting CSAM digitally as well.

Julien had dozens of CDs and DVDs throughout his house. Many of these disks had names suggesting they contained CSAM (see below).






Julien also had more than a dozen external hard drives capable of storing terabytes of data.







Because of the size of this collection, investigators did not watch every DVD in found in Julien's house nor did they forensically examine every device. But from the devices they did examine, they found an enormous collection of CSAM. Below is a summary of what they found:

- A 4 terabyte Western Digital External Hard Drive with "well over" 100,000 CSAM images and more than 3,000 CSAM videos. This included videos of bondage and bestiality.
- A 1 terabyte Western Digital internal hard drive with thousands of CSAM images and at least 19 CSAM videos.
- A 500 gigabyte Western Digital internal hard drive with thousands of CSAM images including bondage and bestiality images.
- A 500 gigabyte Western Digital external hard drive with thousands of CSAM images including bondage and bestiality images.
- A 1 terabyte Toshiba internal hard drive with thousands of CSAM images including bondage and bestiality images.
- An 8 terabyte Western Digital external hard drive with 722,000 CSAM images and 29,000 CSAM videos.

Within the 8-terabyte hard drive, the files were carefully organized into subfolders with names like "11yo First Bondage Experience" (14 files), "9yo Brazil Alejandra" (22 files), or "Amusing Kids (Nude Only)" (17 files).




Julien's collection of CSAM was vast. If each video is counted as 75 images as suggested in the Sentencing Guidelines, he had well over a million CSAM images. Julien surely spent years, if not decades, collecting and organizing this material. If he collected 100 CSAM files every day, day after day, without breaks, it would take him over 20 years to collect the same number of files as investigators found in his collection.

The Sentencing Guidelines recognize that the larger the collection of CSAM, the more serious the offense. *See* USSG § 2G2.2(b)(7). Once a collection exceeds 9 images, 2 offense levels are added. Once it exceeds 149 images, another level is added. If it exceeds 299 images, another level is added. And if it exceeds 600 images, an additional level is added. And when

collection exceeds not 600, not 60,000, not 100,000, but 1,000,000 images—as is the case here—it is a very serious offense. A 15-year sentence is sufficient to reflect the seriousness of this offense.

**B. A 15-year sentence would adequately reflect the history and characteristics of the defendant.**

In the 1994, when Julien was 35 years old, he hosted a party in which he invited children. During the party he served alcohol to the children. One of the children who attended that day was J.D., a 12-year-old girl. After the other children left the party, Julien encouraged J.D. to stay. He then had intercourse with her.

That was Julien's first victim. Through his collection of CSAM, he created many, many more. Here are just a few of their statements, summarizing how this conducted devastated their lives (taken from dkt. 34)

- "I don't even want to ever have children because of what happened to me… never, ever." (page 4)
- "It makes me sick to think about how many people there are in the world who don't care they are supporting child abuse." (page 5)
- "Now I suffer twice: the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible." (page 5)
- "Our daughter has a lifelong sentence of victimization and will need help to recover from the trauma." (page 8)

- "Throughout this nightmare, I'd longed to put my arms around my child and comfort her. But her experience left her distrustful of any touch – a hug, a kiss, an arm around the shoulder – all met with disdain…" (page 26)
- "Don't you know no one should do that to a little girl! Don't you know it hurts!" (page 28)
- "There are and will be so many people out there taking pleasure in watching me suffer, in watching the most terrifying and humiliating moments of my life. Not knowing who has seen you in your most vulnerable moments is a horrifying thing." (page 38)
- "I've been dealing with a little girl who talks daily about not wanting to exist anymore. A little girl whose pain is so great and who feels so hopeless and angry that she talks openly about wanting to kill herself." (page 44)
- "The awful people are raping my little girl all over again, by cruelly enjoying her pain and deriving some sick sexual pleasure out of it." (page 65)

Taken together, these facts demonstrate that Julien is a danger to the community. This is especially true after considering the large collection of CSAM Julien was able to collect over years without law enforcement detection. He likely would never have been caught if not for the fire, making him an expert at collecting CSAM without getting caught. He is a threat to all children. A 15-year sentence adequately recognizes the danger he poses to children based on his history and characteristics.

## CONCLUSION

The United States respectfully submits that David Julien should receive a sentence of 15 years for his offense.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By: /s/ Adam Eakman
Adam Eakman
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice and service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ *Adam Eakman*

Adam Eakman
Assistant United States Attorney
United States Attorney's Office
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: 317-226-6333
Email: adam.eakman@usdoj.gov